# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS R. TISHER,

              Plaintiff,

v.

DR. TANNAN,

              Defendant.

Case No. 18-CV-197-JPS

**ORDER**

      Plaintiff Thomas R. Tisher, who is incarcerated at Jackson Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendant violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $5.21. *See* 28 U.S.C. § 1915(b)(1).

      The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on August 28, 2017, while incarcerated at Oshkosh Correctional Institution, he saw Defendant for pain and elevated blood pressure. (Docket #1 at 2). Defendant prescribed a blood pressure medication and Tylenol with codeine. *Id.* Plaintiff says he is allergic to morphine and that this is noted in his medical file. *Id.* Defendant directed Plaintiff to take a codeine pill while at the prison's medical unit, and was later given another by a guard. *Id.* At 10:00 p.m. that same day, Plaintiff complained that he could not breathe. *Id.* at 2-3. A nurse saw him and noted his allergy. *Id.* at 3. Plaintiff was taken to a local hospital and later released, though it is not clear if he was kept overnight. *Id.* Plaintiff says he "suffe[red] from a[n] unprof[f]esional decision made by [Defendant]." *Id.* Plaintiff asks for money damages and an "[i]njunction ordering Jackson Correctional Institution to provide [a]dequate [m]edical care by a medical doctor that treats pain from [d]egenerative [d]isc d[i]sease." *Id.* at 4.

Plaintiff fails to state a claim for relief against Defendant. The Eighth Amendment provides, *inter alia*, that prisoners are entitled to a minimal level of healthcare while in custody. *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016). The Eighth Amendment is violated when the prisoner shows that they "suffered from an objectively serious medical condition," and that "the individual defendant was deliberately indifferent to that condition." *Id.* at 728. The term "[d]eliberate indifference"

> is a subjective standard. To demonstrate deliberate indifference, a plaintiff must show that the defendant acted with a sufficiently culpable state of mind, something akin to recklessness. A prison official acts with a sufficiently culpable state of mind when he knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Deliberate indifference is more than negligence and approaches intentional wrongdoing. In other words, [d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts.

*Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Assuming, without deciding, that Plaintiff's pain and blood pressure on August 28, 2017 could be considered a serious medical condition, Plaintiff fails to show Defendant's deliberate indifference to his medical needs. Plaintiff comes nowhere close to alleging factual material which would infer intentional or reckless conduct by Defendant. Taking his allegations as true, Defendant negligently mis-prescribed the codeine pill without noticing that Plaintiff was allergic to it. There is no indication that Defendant was *actually aware* that prescribing a codeine pill to Plaintiff would cause an allergic reaction. At best, Plaintiff's allegations state a claim for medical malpractice. As instructed by *Arnett*, such a claim does not

invoke the protections of the Eighth Amendment, but is instead a state law claim over which this federal court lacks jurisdiction

The Court will, nevertheless, allow Plaintiff an opportunity to amend his complaint. If he chooses to offer an amended complaint, Plaintiff must do so no later than **March 13, 2018**. If he does not do so, this action will be dismissed. Plaintiff should be aware that an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **March 13, 2018**, Plaintiff shall file an amended pleading or this action will be dismissed;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the

filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge