# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS R. TISHER,<br><br>                   Plaintiff,<br>v.<br><br>DR. TANNAN,<br><br>                   Defendant. | Case No. 18-CV-197-JPS<br><br>**ORDER** |

       On February 20, 2018, the Court screened Plaintiff's Complaint as required by 28 U.S.C. § 1915A. (Docket #7). The Court found that the Complaint failed to state any viable grounds for relief. *Id.* at 4-5. The Court afforded Plaintiff an opportunity to amend his pleading no later than March 13, 2018. *Id.* at 5. Plaintiff filed an Amended Complaint on that date. The Court must now screen that pleading, and all the same standards announced in the original screening order apply here. *Id.* at 1-3.

       The Amended Complaint alleges that a prior medical provider found him allergic to codeine and morphine. (Docket #8 at 3). Prior to August 29, 2017, Plaintiff had been seen by Defendant a number of times. *Id.* Plaintiff avers that Defendant could clearly see his allergies listed in his medical file. *Id.* Nevertheless, on August 29, 2017, after Plaintiff complained of severe back pain (he has degenerative disc disease), Defendant prescribed Tylenol with codeine. *Id.* Plaintiff had an allergic reaction and was taken to the hospital. *Id.*

       As noted in the original screening order, Plaintiff's claim sounds in the Eighth Amendment. Defendant may be liable for his mistreatment of Plaintiff if Plaintiff shows that he "suffered from an objectively serious

medical condition," and that "the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). "Deliberate indifference" occurs when "the defendant acted with a sufficiently culpable state of mind, something akin to recklessness." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Defendant's actions could be considered reckless if "he knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Id.*

Plaintiff's allegations, viewed most favorably to him, establish both elements. First, Plaintiff's back condition was diagnosed, required multiple surgeries, and apparently caused severe pain. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) ("An objectively serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.) (quotation omitted). Second, Plaintiff specifically alleges that Defendant knew about his allergies and prescribed codeine anyway. (Docket #8 at 3). Whether this is factually correct remains to be seen, but at the screening stage, the Court must take the allegation as true.

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Defendant's deliberate indifference to Plaintiff's serious medical need, in violation of the Eighth Amendment, when Defendant prescribed codeine to Plaintiff on August 29, 2017.

Accordingly,

**IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's Amended Complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant; and

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant shall file a responsive pleading to the Amended Complaint within sixty (60) days of receiving electronic notice of this Order.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge