# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS R. TISHER,

          Plaintiff,

v.

DR. DILIP TANNAN,

          Defendant.

Case No. 18-CV-197-JPS

**ORDER**

## 1. INTRODUCTION

On March 21, 2018, the Court screened Plaintiff's amended complaint and allowed him to proceed on a claim under the Eighth Amendment for Defendant's deliberate indifference to his serious medical needs. (Docket #9). On July 5, 2018, Defendant moved for summary judgment on the basis of Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Docket #19). While Plaintiff has filed some materials in the time allowed for his response, as explained below, none are meaningfully responsive to the motion. *See* (Docket #27, #28, and #29). Defendant replied on August 9, 2018. (Docket #31). For the reasons explained below, Defendant's motion must be granted.

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit"

under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

3. **BACKGROUND**

   3.1 **Plaintiff's Failure to Dispute the Material Facts**

The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered April 6, 2018, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #13 at 3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendant's motion for summary judgment, he too warned Plaintiff about the requirements for a response as set forth in Federal and Local Rules 56. (Docket #19). He was provided with additional copies of those Rules along with Defendant's motion. *Id.* at 3–12. In connection with his motion, Defendant filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #21). It contained short, numbered paragraphs concisely stating those facts which Defendant proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

Plaintiff filed nothing which could be considered a response to Defendant's statement of facts. *See infra* Part 4. Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendant's proffered facts with

citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will, unless otherwise stated, deem Defendant's facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 3.2  Exhaustion of Prisoner Administrative Remedies

It is helpful to review how the PLRA's exhaustion requirement plays out in the Wisconsin prison system prior to relating the relevant facts. The PLRA establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Exhaustion is a precondition to suit; a prisoner cannot file an action prior to exhausting his administrative remedies or in anticipation that they will soon be exhausted. *Hernandez v. Dart*, 814 F.3d 836, 841–42 (7th Cir. 2016); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A lawsuit must be

dismissed even if the prisoner exhausts his administrative remedies during its pendency. *Ford*, 362 F.3d at 398.

The Wisconsin Department of Corrections ("DOC") maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code DOC § 310.04. There are two steps an inmate must take to exhaust their administrative remedies under the ICRS. First, the inmate must file a complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ 310.08; 310.09(4); 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § 310.11(6). If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ 310.07(2), 310.11.1 The reviewing authority may accept or reject the ICE's recommendation. Id. at § 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE"). *Id.* §§ 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ 310.07(7), 310.14.

### 3.3 Relevant Facts

At all times relevant, Plaintiff was an inmate at Oshkosh Correctional Institution and Defendant was a physician employed by the DOC. Plaintiff alleges that on August 29, 2017, Defendant prescribed him codeine for back pain, despite knowing that Plaintiff was allergic to codeine. (Docket #9 at 1). This caused Plaintiff to have an allergic reaction which required hospitalization. *Id.*

Upon review of DOC records, Defendant located only one grievance filed by Plaintiff that is arguably relevant to this case. *See* (Docket #22-1). The complaint was filed on August 3, 2017, substantially before the complained-of event, and expressed a general desire for increased treatment of Plaintiff's back and leg pain. *See* (Docket #22-2 at 11–12). The ICE recommended dismissal of the complaint because Plaintiff's pain issues were being well-handled by the medical staff. *Id.* at 2–4. The reviewing authority accepted that recommendation. *Id.* at 5. Plaintiff did not appeal the dismissal.

### 4. ANALYSIS

Plaintiff did not file a brief in opposition to Defendant's motion. The Court could thus simply grant the motion summarily. Civ. L. R. 7(d). Nevertheless, taking Defendant's facts as undisputed, he is correct that Plaintiff has not exhausted his administrative remedies. Plaintiff did not file a grievance about Defendant's specific conduct on August 29. There is no reason to treat the August 3 grievance as an appropriate attempt to exhaust administrative remedies for an issue that had not yet occurred. Further, the August 3 complaint says nothing about an allergic reaction to codeine. Finally, assuming none of this mattered, Plaintiff nevertheless failed to appeal the August 3 grievance and thus complete the ICRS process. On the

face of Defendant's submissions, this lawsuit must be dismissed for want of exhaustion.

On August 6, 2018, the deadline for responding to Defendant's motion, Plaintiff filed three documents. None of them change the Court's conclusion. One is captioned as "Plaintiff's proposed undisputed facts." (Docket #29). The document does not attempt to respond to Defendant's statement of facts. *Id.* Indeed, most of the proposed facts are irrelevant to Defendant's motion. *Id.* The only fact of note is Plaintiff's assertion that he "continued to exhaust all remedies through Jackson Correctional and Black River Fall Correctional Center." *Id.* at 2.

Though this statement appears to create a dispute about the exhaustion issue, it is fatally flawed and must therefore be disregarded. First, the statement is not followed by a citation to any evidence. *Id.*; Civ. L. R. 56(b)(2)(B)(i); Fed. R. Civ. P. 56(c)(1)(A). Second, and more importantly, the statement is not actually supported by any of the evidence Plaintiff submitted. Plaintiff does not swear to the truth of the statement. *See generally* (Docket #29) (the "proposed undisputed facts" document is not sworn, nor is it accompanied by an affidavit). Even if he had, he lacks documentary evidence to buttress his assertion. Most of the twenty-four pages of exhibits Plaintiff provided are irrelevant to exhaustion. *See id.* at 3–26. Plaintiff does include a few documents related to his inmate complaints, but nothing which is not accounted for in Defendant's records. *See id.* at 6–13; (Docket #22-1). Without any evidence that he did indeed continue to attempt to exhaust his administrative remedies, the Court cannot accept Plaintiff's assertion as true.

Plaintiff's two other submissions are entirely non-responsive to Defendant's motion. The first is a motion "for leave to retain a[n] attorney."

(Docket #27). Plaintiff states that he is undergoing medical treatment which will inhibit his ability to litigate, and so wants to find a lawyer to continue pursuing this action on his behalf (Plaintiff has apparently been released from prison). *Id.* The motion will be denied. Plaintiff's lawsuit fails for reasons which no lawyer could help him avoid; no one can go back in time and properly complete the ICRS process for him. In any event, the request comes far too late in the pendency of this action. Plaintiff chose to bring this lawsuit without counsel and must accept the consequences of that decision. Plaintiff's second filing is a set of discovery requests directed to Defendant. (Docket #28). Not only should these have been sent to Defendant directly, not filed with the Court, *see* Fed. R. Civ. P. 5(d), the requests have nothing to do with exhaustion of administrative remedies, (Docket #28 at 3).

5.  **CONCLUSION**

Plaintiff failed to properly contest the facts Defendant proffered or offer any valid legal or factual argument against the propriety of summary judgment. Viewing the undisputed facts in the light most favorable to Plaintiff, the Court is obliged to conclude that this lawsuit must be dismissed because he failed to properly exhaust his administrative remedies. This action will, therefore, be dismissed without prejudice.[1] Defendant's pending motion to stay will be denied as moot. (Docket #23).

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (Docket #19) be and the same is hereby **GRANTED**;

---

[1] Although it seems clear that Plaintiff will not be able to complete the ICRS process for his claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford*, 362 F.3d at 401.

**IT IS FURTHER ORDERED** that Defendant's motion to stay (Docket #23) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to retain an attorney (Docket #27) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge